IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Robert Tuzon,<br><br>    Plaintiff,<br><br>vs.<br><br>Wanda E Hoffman, et al.,<br><br>    Defendants. | No. CV-05-861-PHX-NVW (LOA)<br><br>**REPORT AND RECOMMENDATION** |

This matter arises on Plaintiff's Motion for an Order Directing CO II Gephard to Process Legal Mail to Mr. Michael Brodsky. (Doc. 53.) Defendants filed a response in opposition to the Motion on June 22, 2006. (Doc. 55.)

**BACKGROUND**

K. Gephart is a Correctional Officer II and the Mail and Property Officer at the Arizona State Prison Complex, Tucson, Santa Rita Unit where Plaintiff is currently housed. (Defendants' Ex. A at 1.) Department Order (DO) 902.11 governs outgoing legal mail. (Defendants' Ex. A, Attachment 1.) Because Santa Rita is a restricted movement yard, Officer Gephart picks up all outgoing legal mail from inmates housed at that unit, and logs and delivers it according to DO 902.11. (Defendants' Ex. A at 2.)

On May 23, 2006, Plaintiff was found guilty of the violating Departmental Policy relating to mail, specifically Plaintiff violated DO 902.11 when he attempted to send mail designated as legal mail, which was not addressed to his attorney of record, a judge, a court of law, or the Attorney General's Office. (Defendants' Ex. A, Attachment 2.) Plaintiff

1 alleges that subsequent to that violation, and in retaliation for filing a grievance against
2 Officer Gephart, Officer Gephart informed Plaintiff that if he sent any more mail to
3 Defendant's attorney, Mr. Brodsky, Officer Gephart would file another disciplinary action
4 against Plaintiff.  (Doc. 53 at 2.)  However, in a declaration under oath, Officer Gephart
5 stated that he: 1) never informed Plaintiff that mail to the Arizona Attorney General's Office
6 is not legal mail, 2) never informed Plaintiff that he would be disciplined for submitting
7 legal mail to the Arizona Attorny General's Office, and 3) never failed to process, as legal
8 mail, any document or correspondences sent by Plaintiff to the Arizona Attorney General's
9 Office.  (Defendants' Ex. A at 3.)

## ANALYSIS

A request for injunctive relief requires that Plaintiff make a showing of "real or immediate threat" of injury.  Hodgers-Durgin v. De La Vina, 199 F.3d 1037, 1042 (9th Cir. 1999) (quoting City of Los Angeles v. Lyon, 461 U.S. 95, 111 (1983)).  Preliminary injunctive relief is available only if Plaintiff shows "(1) a likelihood of success on the merits and the possibility of irreparable injury, or (2) the existence of serious questions going to the merits and the balance of hardships tipping in [the movant's] favor.  These two formulations represent two points on a sliding scale in which the required degree of irreparable harm increases as the probability of success decreases.  MAI Sys. Corp. v. Peak Computer, Inc., 991 F.2d 511, 516-17 (9th Cir. 1993) (internal citations and quotes omitted).  If the movant shows no chance of success on the merits, a preliminary injunction should not be granted.  Arcamuzi v. Continental Air Lines, Inc., 819 F.2d 935, 937 (9th Cir. 1987).  A "preliminary injunction is 'an extraordinary remedy, and will not be granted except upon a clear showing of probable success and possible irreparable injury.'"  Associated Students, Inc. of California State Univ. - Sacramento v. Nat'l Collegiate Athletic Ass'n, 493 F.2d 1251, 1257 (9th Cir. 1974) (internal citations omitted).  Plaintiff must allege an actual injury to have standing to raise a claim based on unconstitutional denial of meaningful access to the courts.  Lewis v. Casey, 518 U.S. 343, 349 (1996).

Plaintiff fails to establish grounds for a preliminary injunction because he has not given specific facts to demonstrate that he suffers a real threat of irreparable injury. Lewis 518 U.S. at 349; Associated Students, Inc. of California State Univ. - Sacramento, 493 F.2d 1257. Plaintiff alleges that in the future, Officer Gephart will not process his legal mail addressed to Assistant Attorney General Michael Brodsky. (Doc. 54.) However, Plaintiff fails to identify any specific piece of legal mail that Mr. Brodsky has not received and has failed to allege any actual injury as a result of legal mail not reaching Mr. Brodsky. Furthermore, Officer Gephart has sworn that he will continue to process all outgoing legal mail from the Plaintiff that is addressed to the Court, a judge, his attorney of record, or the Attorney General's office in accordance with DO 902.11. (Respondent's Ex. A.)

Accordingly,

**IT IS HEREBY RECCOMENDED** that Plaintiff's Motion for an Order Directing CO II Gephard to Process Legal Mail to Mr. Michael Brodsky (Doc. 53) be **DENIED**.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the District Court's judgment. The parties shall have ten days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. 28 U.S.C. § 636(b)(1); Rules 72, 6(a), 6(e), Fed. R. Civ. P. Thereafter, the parties have ten days within which to file a response to the objections. Failure timely to file objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the District Court without further review. United States v. Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003).

///
///
///
///

1  Failure timely to file objections to any factual determinations of the Magistrate Judge
2 will be considered a waiver of a party's right to appellate review of the findings of fact in an
3 order or judgment entered pursuant to the Magistrate Judge's recommendation.  Rule 72,
4 Fed. R. Civ. P.
5 DATED this 24th day of July, 2006.

                                                   Lawrence O. Anderson
                                                 United States Magistrate Judge